# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL ACTION NO.  1:10-CV-235-MR-DCK

| | | |
|---|---|---|
| MARY KAUTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| | ) | |
| TRUSTEES OF HAYWOOD | ) | |
| COMMUNITY COLLEGE; and ROSE | ) | |
| HARRELL JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion to Dismiss" (Document No. 5) filed December 13, 2010.  This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.  Having fully considered the record, the motion, and applicable authority, the undersigned will respectfully recommend that the motion be <u>denied</u> without prejudice.

Pursuant to Federal Rule of Civil Procedure 15(a) "[a ]party may amend its pleading once as a matter of course within . . . 21 days afer service of a motion under Rule 12(b)."  Fed.R.Civ.P. 15(a)(1).  Here, Plaintiff filed her "First Amended Complaint" (Document No. 8) on January 3, 2011, within 21 days after she was served "Defendants' Motion To Dismiss" (Document No. 5).

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot.  <u>Young v. City of Mount Ranier</u>, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule .... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect); <u>Colin v. Marconi Commerce Systems Employees' Retirement Plan</u>, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004)

("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (denying as moot motions to dismiss original complaint on grounds that amended complaint superseded original complaint).

"A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990); see also, Brown v. Sikora and Associates, Inc., 2008 WL 1751934 at *3 (4th Cir. 2008); Atlantic Skanska, Inc., 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007); Hi-Tech, Inc. v. Rising, 2006 WL 1966663 at *3 (W.D.N.C. July 11, 2006).

**IT IS, THEREFORE, RECOMMENDED** that "Defendants' Motion to Dismiss" (Document No. 5) be **DENIED AS MOOT**, without prejudice.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir.

1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel

for the parties and the Honorable Martin Reidinger.

Signed: January 3, 2011

David C. Keesler
United States Magistrate Judge