IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:10-CV-235-MR-DCK

| | |
|---|---|
| MARY KAUTZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRUSTEES OF HAYWOOD )<br>COMMUNITY COLLEGE; and )<br>ROSE HARRELL JOHNSON, )<br>)<br>Defendants. )<br>_____ ) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Dismiss" (Document No. 13). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

Plaintiff Mary Kautz ("Plaintiff" or "Kautz") initiated this action with the filing of a "Complaint" (Document No. 1) on October 15, 2010, against Defendant The Trustees Of Haywood Community College ("HCC") and against Defendant Rose Harrell Johnson ("Johnson") individually, and in her official capacity as President of Haywood Community College. On January 3, 2011, Plaintiff filed her "First Amended Complaint" (Document No. 8), asserting two causes of action: (1) denial of property without due process of law, pursuant to 42 U.S.C. § 1983; and (2) violation of the Family and Medical Leave Act. In short, Plaintiff contends that she was wrongfully terminated by Defendants as the Director of Library and Learning Resources for HCC. (Document No. 8).

Defendants filed the pending "...Motion To Dismiss" (Document No. 13), along with a "Memorandum In Support..." (Document No. 14), on January 28, 2011. Defendants contend that Plaintiff's claims against Defendant HCC, and against Defendant Johnson in her official capacity, brought pursuant to 42 U.S.C. § 1983, must be dismissed. Defendants' pending motion does not request dismissal of claims alleging violation of the Family and Medical Leave Act, or of claims against Johnson *individually* pursuant to § 1983. (Document No. 13).

On March 1, 2011, "Plaintiff's Response To Motion To Dismiss" (Document No. 18) was filed. Plaintiff's response only contests dismissal of Plaintiff's request for prospective injunctive relief under § 1983. (Document No. 18). A "Reply Memorandum In Support Of Defendants' Motion To Dismiss" (Document No. 21) was filed March 11, 2011. As such, review of the pending motion and a recommendation for disposition to the presiding district judge is now appropriate.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570; see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

"Defendants' Motion To Dismiss" presents three arguments supporting its contention that the claims against HCC, and against Johnson in her official capacity, brought pursuant to 42 U.S.C. § 1983, must be dismissed: (1) Eleventh Amendment immunity bars the claims; (2) neither HCC, nor Johnson, is a "person" within the meaning of § 1983; and (3) Plaintiff's request for an order compelling prospective actions does not meet the Eleventh Amendment's narrow exception allowing prospective injunctive relief from on-going violations of federal law. (Document No. 13). Defendants contend that the standard of review here is under Fed.R.Civ.P. 12(b)(6) because Plaintiff has failed to state a claim upon which relief may be granted. (Document No. 14, p.3).

In response, Plaintiff only challenges the third argument regarding dismissal of her claim for prospective injunctive relief. (Document No. 18). As such, the undersigned will briefly address

3

Defendants' first two arguments, and then focus this memorandum's analysis on Defendants' third argument.

**A. Eleventh Amendment Immunity**

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const., Amend. XI.

Defendants contend it is well-settled that non-consenting states are also immune from suits brought in federal courts by their own citizens. (Document No. 14, p.4)(citing Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995). "As this Court has noted, 'if a § 1983 action alleging a constitutional claim is brought directly against a State, the Eleventh Amendment bars a federal court from granting any relief on that claim.'" Id. (citing Davis v. Cent. Piedmont Cmty. College, 3:07-cv-424-RJC, 2008 WL 5120616 at *2 (W.D.N.C. Dec. 4, 2008).

> Entities deemed to be an "arm of the state" also share in the State's immunity from suit. Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997). . . . The Fourth Circuit has held that colleges and universities that are funded by the State, and which are structured so as to have close ties to the State, are considered to be an "arm of the State" for Eleventh Amendment purposes. See Md. Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 263 (4th Cir. 2005); Huang v. Bd. of Governors of Univ. of N.C., 902 F.2d 1134, 1138 (4th Cir. 1990).

Davis, 2008 WL 5120616 at *23. Defendants also contend that this protection extends to state officials, sued in their official capacity. Huang, 902 F.2d at 1138 ("it is well settled that the Eleventh Amendment bars a suit by private parties to recover money damages from the state or its alter egos acting in their official capacities"). "Moreover, it is well established that suits against

4

individuals in their official capacities are actually suits against the governmental entity itself." Jackson v. Hopper, 2007 WL 4320741 at *2 (M.D.N.C. Jan. 25, 2007) (citing Revene v. Charles County Comm'rs, 882 F.2d 870, 874 (4th Cir. 1989). Here, there is no dispute that these claims were brought against an "arm of the State" and an individual acting in her official capacity.

The undersigned finds that Defendants have relied upon sound authority for their claim of immunity, and that Plaintiff has failed to offer any argument or authority to the contrary.

### B. Definition Of "Person" Under 42 U.S.C. § 1983

Next, Defendants contend that Plaintiff's claims under § 1983 must also be dismissed because Defendants are not proper parties under the statute. 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Defendants note that the term "person" is not defined by the statute, but that the Supreme Court has held that "a State is not a person within the meaning of § 1983." (Document No. 14, p.6) (citing Will v. Michigan Dept. Of State Police, 491 U.S. 58, 64 (1988); see also, Schley v. College of Charleston, 83 F.3d 416, 1996 WL 193867 at *3 (4th Cir. 1996) ("neither states nor state officials acting in their official capacities are persons within the meaning of § 1983").

The undersigned again finds that Defendants have relied upon sound authority for their position, and that Plaintiff has failed to respond with any argument or authority to the contrary.

### C. Prospective Relief Under 42 U.S.C. § 1983

Plaintiff also contends that "she is suing the Defendants in their official capacity only for the purposes of securing prospective injunctive relief from the Court." (Document No. 18, p.1).

5

Specifically, Plaintiff seeks an order requiring the Defendants to "take all actions necessary to insure that Plaintiff receive, *in the future*, all benefits to which the contract at issue would entitle her, *in the future*." Id. see also, (Document No. 8, p.6, ¶2). Plaintiff avers that such relief is available under relevant case law. Id. (citing Ex parte Young, 209 U.S. 123 (1908)).

Defendants first assert that, as explained under their Eleventh argument, HCC has absolute immunity against Plaintiff's § 1983 claims, regardless of the nature of the relief sought. (Document No. 14, p.7) (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) ("[t]his jurisdictional bar applies regardless of the nature of the relief sought")); see also, (Document No. 21, pp.4-5). In response, Plaintiff seems to concede Defendant HCC's absolute immunity, and focuses on the claim against Defendant Johnson in her official capacity. (Document No. 18, p.2).

Defendants also contend in their final argument for dismissal that Plaintiff's request for an order compelling actions by HCC, and Johnson in her official capacity, seeks relief not available under § 1983. (Document No. 14, pp.7-9). Defendants acknowledge that there is a narrow exception to Eleventh Amendment immunity for "state officers sued in their official capacity for prospective injunctive or declaratory relief from an ongoing violation of federal law." (Document No. 14, p.7) (citing Jackson, 2007 WL 4320741 at *2, n.4). However, Defendants argue that this exception does not apply in the instant case because Plaintiff does not allege an ongoing violation of federal law, and is seeking to remedy an alleged past wrong, not prospective injunctive relief. (Document No. 21, p.4).

On the issue of this exception to Eleventh Amendment immunity, this Court recently opined:

> Where a suit is for declaratory or injunctive relief against a state official in his or her official capacity, in which the constitutionality of the official's action is challenged, eleventh amendment immunity does not apply. Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); Will v. Michigan Dep't of State Police, 491 U.S.

6

> 58, 71 n. 10, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). **While a court could enjoin the official's future conduct, i.e., prospective relief, it cannot issue an injunction requiring retroactive monetary relief**. Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Plaintiff does not seek injunctive relief and it does not appear that the pleadings could be amended to allege any such relief as future harm to this plaintiff has not been asserted.

Mathis v. Town of Waynesville, 1:09cv296, 2009 WL 6067335 at *9 (W.D.N.C. Dec. 4, 2009) *adopted by* 2010 WL 1052331 (W.D.N.C. March 19, 2010) (emphasis added).

Defendants also cite Papasan v. Allain, 478 U.S. 265 (1986) for support of their contention that Young is not applicable in this situation. (Document No. 21, p.5). Specifically, the Papasan decision opines that

> Young has been focused on cases in which a violation of federal law by a state official **is ongoing** as opposed to cases in which federal law has been violated at one time or over a period of time in the past, as well as on cases in which the relief against the state official directly ends the violation of federal law as opposed to cases in which that relief is intended indirectly to encourage compliance with federal law through deterrence or directly to meet third-party interests such as compensation. As we have noted: "Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law. But compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment." Green v. Mansour, 474 U.S. 64, 68,(1985).

Papasan, 478 U.S. at 277-78 (emphasis added). See also, Frazier v. Simmons, 254 F.3d 1247, 1253 n.2 (10th Cir. 2001) ("The scope of Ex Parte Young is further limited.... Federal courts lack jurisdiction over suits that seek: . . . to redress past wrongs, rather than ongoing violations").

Plaintiff's Complaint does not allege an ongoing violation by a state official, or seek to enjoin future conduct. Moreover, it appears that the prospective action sought would require retroactive monetary relief, and is therefore not a remedy "designed to end a continuing violation of federal law" as described by the Supreme Court above. See Whalen v. Massachusetts Trial Court,

7

397 F.3d 19, 29 (1st Cir. 2005) (the pivotal question is whether the relief brings an end to a present violation of federal law, and concluding that the Eleventh Amendment bars a federal court from ordering restoration of Plaintiff's service credit). Plaintiff's allegations are based on her termination in December 2009, not any continuing violation of federal law that prospective relief could deter.

Based on the foregoing, and Defendants' briefs, the undersigned is persuaded that the prospective relief Plaintiff seeks is not supported by relevant case law and is not a claim upon which relief may be granted in this instance.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendants' Motion To Dismiss" (Document No. 13) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Martin Reidinger.

8

**IT IS SO RECOMMENDED**.

Signed: March 31, 2011

David C. Keesler
United States Magistrate Judge